IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| CARLOS SANCHEZ-RIVERA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 314-020 |
| ) | |
| STACY N. STONE, Warden, ) | |
| ) | |
| Respondent. ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at McRae Correctional Facility, in McRae, Georgia, filed the above-captioned petition pursuant to 28 U.S.C. § 2241 contesting the execution of his sentence of confinement. Having considered all the relevant pleadings, for the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

**I. BACKGROUND**

On February 27, 2008, the United States District Court for the District of Arizona sentenced Petitioner, based on his conviction for Illegal Reentry after Deportation, to an eighteen-month term of imprisonment with a two-year term of supervised release; Petitioner served that term of imprisonment, and was deported to Mexico on January 6, 2009. (Doc. no. 10, Ex. A, Kelly Decl., ¶ 7 & Attach. 2; United States v. Sanchez-Rivera, CR 07-01785-001 (D. Ariz. Feb. 28, 2008).) After another arrest on July 1, 2009 for Illegal Reentry after Deportation, the District Court for the Southern District of Texas sentenced Petitioner on October 22, 2009 to

a term of twenty-four months of imprisonment, and on October 26, 2009, the same court sentenced Petitioner to a six-month term of imprisonment for supervised release violations. (Doc. no. 10, Kelly Decl., ¶¶ 9-10 & Attachs. 4, 5; United States v. Sanchez-Rivera, 2:09CR00614 (S.D. Tex. Oct. 22, 2009) and United States v. Sanchez-Rivera, 2:09CR00896 (S.D. Tex. Oct. 26, 2009).) The judgment imposing the sentence for the violations of supervised release stated the six-month sentence was to be served consecutive to the twenty-four month sentence for Illegal Reentry. (Doc. no. 10, Kelly Decl., Attach. 5, p. 2.) Based on the aggregation of the twenty-four and six-month sentences and the application of jail credit from July 1, 2009 through October 21, 2009, as of October 26, 2009, Petitioner had a thirty-month sentence to serve, with a scheduled release date of September 4, 2011. (Id. ¶¶ 11-12, 14 & Attachs. 6, 7, 9.)

For unknown reasons, the Bureau of Prisons ("BOP") mistakenly released Petitioner to Immigration and Customs Enforcement officials on April 15, 2010, and he was again deported to Mexico. (Id. ¶15 & Attach. 10.) Again, Petitioner illegally returned to the United States and was arrested by federal authorities on October 13, 2010 and charged with Possession with Intent to Distribute Marijuana. (Id. ¶ 16 & Attach 11.) On March 22, 2011, the District Court for the Southern District of Texas sentenced Petitioner to a term of sixty-months of imprisonment, but the judgment does not state whether the sentence was to be served concurrently with, or consecutively to, any other sentence. (Id. ¶ 17 & Attach. 12.)

BOP calculates a current projected release date for Petitioner as January 11, 2016. (Id. ¶¶ 20 & Attachs. 1, 7.) BOP arrived at this projected date by aggregating his thirty-month sentence based on the 2009 conviction for illegal reentry and 2009 supervised release violations and his sixty-month sentence imposed in 2011 for the possession with intent to distribute marijuana

conviction. (Id.) As noted above, Petitioner also received jail credit for July 1, 2009 through October 21, 2009, and the projected release date includes earned and projected good conduct time. (Id.)

Petitioner disagrees with BOP's calculation of his sentence, but this is not his first attempt to challenge the calculation of his sentence. He filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the Southern District of Texas on July 1, 2011. (Doc. no. 10, Ex. B.) After initially raising six issues for consideration, Petitioner narrowed his arguments to (1) the manner in which his various sentences were aggregated, to include whether his sixty-month sentence imposed in 2011 should be served concurrently with, or consecutively to, his thirty-month sentence imposed in 2009; and (2) the manner in which the approximately six months he was at liberty after his mistaken release in 2010 should be applied to his sentence. (Id., Sanchez-Rivera v. United States, Civ. Act. No. B-11-136 / Crim. No. B-10-1205-2, Report and Recommendation, p. 5.) Petitioner's claims were all rejected in the § 2255 proceeding as substantively meritless and/or procedurally improper. (Id., *adopted without objection by* Order entered Feb. 8, 2013.)

Petitioner did not file an appeal of the denial of his § 2255 motion, but instead filed the instant petition under 28 U.S.C. § 2241. In the current petition, Petitioner argues that his twenty-four month sentence imposed in 2009 for illegal reentry should run concurrent with his sixty-month sentence for the 2011 drug conviction, or alternatively, that his twenty-four month sentence had already expired at the time his sixty-month sentence was imposed, leaving an aggregate sentence of only sixty-six months rather than ninety months. (See doc. nos. 1, 11.)

## II. DISCUSSION

### A. The 2009 and 2011 Sentences Must Run Consecutively.

Petitioner's contention that the sentences imposed in 2009 and in 2011 should run concurrently is without merit. Addressing the issue of multiple sentences of imprisonment, 18 U.S.C. § 3584(a) provides in relevant part:

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively. . . . Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

BOP's Program Statement ("PS") governing multiple sentences of imprisonment adheres to this rule. See PS 5880.28(3)(e)(1)[1] ("If . . . multiple terms of imprisonment are imposed at different times . . . without the judge specifying whether they are to run concurrently or consecutively, they will run consecutively unless the statute specifies otherwise." (quoting legislative history for § 3584)).

Here, the terms of imprisonment for Petitioner's illegal reentry and drug convictions were imposed at different times. Indeed, he was sentenced for the drug conviction nearly one and a half years after being sentenced for the illegal reentry conviction. (See doc. no. 10, Kelly Decl., ¶¶ 9, 17 & Attachs. 4, 12.) Nor do the criminal statutes that Petitioner violated provide that his sentences should run concurrently. See 8 U.S.C. §§ 1326(a) & (b)(1); 21 U.S.C. §§ 841(a)(1) and (b)(1)(C)(ii); 18 U.S.C. § 2. Moreover, neither of the sentencing courts ordered that the terms were to run concurrently. (See doc. no. 10, Kelly Decl., ¶¶ 9, 17 & Attachs. 4, 12.) Therefore, the thirty-month and sixty-month sentences must run consecutively.

---

[1] Kelly Decl., Attach. 6.

### B. After Petitioner's Sentencing in 2011, BOP Properly Calculated a Ninety-Month Aggregated Sentence.

In the alternative, Petitioner argues that, at the time the court sentenced him on the drug conviction in 2011, he had completed the twenty-four month portion of his 2009 sentence and was serving only a six-month undischarged sentence for violating supervised release. Thus, according to Petitioner, at best, his aggregated in sentence in 2011 should have been for a total of sixty-six months rather than ninety months. Under 18 U.S.C. § 3584(c) and PS 5880.28(3)(e)(2), multiple terms of imprisonment, including a term of imprisonment resulting from a revocation of supervised release, shall be aggregated to form a single sentence for computation purposes. See also Robles-Gonzalez v. Hastings, No. CV 212-212, 2013 WL 3093483, at *3 (S.D. Ga. June 18, 2013) (explaining statutory provisions of § 3584 regarding multiple sentences imposed at different times and aggregation of such sentences into single term of imprisonment); Bernard v. Barron, No. 5:05cv220, 2007 WL 3379839, at *1 (N.D. Fla. Nov. 14, 2007) (ruling, based on § 3584(c) and PS 5880.28(e)(2), that prisoner who received thirty-month sentence for bank robbery and consecutive seven year sentence for brandishing a firearm during a crime of violence "does not serve his sentence on each count separately but as an aggregate total"); PS 5880.28(e)(1) (BOP interprets "'an undischarged term of imprisonment,' as applying to any lawfully imposed federal or state, local or foreign (non-federal) sentence or revocation of a conditional release term (probation, supervise release, parole, etc.").

Thus, the initial two terms of imprisonment imposed in October of 2009, one for illegal reentry and one for violating supervised release, were properly aggregated into one, indivisible thirty-month sentence that had not been discharged at the time of sentencing in March of 2011 for the drug conviction. Because the term of imprisonment for thirty months had not discharged, when the Southern District of Texas imposed a sixty-month sentence for the drug conviction

5

without stating whether it was to run consecutive or concurrent to the undischarged sentence, under the statutory and regulatory provisions discussed above, the two sentences must run consecutively and again aggregate into one, indivisible sentence of ninety months starting with the initial date of imposition in October of 2009. See 18 U.S.C. § 3584 and PS 5880.28(e). Accordingly, BOP correctly calculated Petitioner's aggregate sentence, and he is not entitled to the relief he seeks.

### C. Petitioner's Remaining Claim Regarding the Calculation of His Criminal History under the Advisory Sentencing Guidelines Cannot Be Raised in This Petition.

Although Petitioner's reply brief suggests "the crux" of his request for relief centers on the arguments discredited above regarding the aggregation of sentences and whether sentences imposed at different times should run concurrently or consecutively, (doc. no. 11, p. 1), his initial petition also argues that the calculation of his criminal history for the purpose of determining his advisory sentencing guidelines range for his 2011 sentence was incorrect. (Doc. no. 1, pp. 6-8, 11-12.)

A motion filed pursuant to 28 U.S.C. § 2255 is the typical method for a federal prisoner to attack the validity of a federal sentence. Jones v. Warden, FCC Coleman-Medium, 520 F. App'x 942, 944 (11th Cir. 2013); Hewlett v. Holder, 477 F. App'x 230, 231 (5th Cir. 2012). However, alleged errors solely concerning the sentencing guidelines are not generally cognizable on collateral attack absent a showing of both cause and actual prejudice. Montemoino v. United States, 68 F.3d 416, 417 (11th Cir. 1995); United States v. Bailey, 265 F. App'x 426, 426-27 (5th Cir. 2008). In any event, an action filed pursuant to § 2255 should be filed in the district of conviction, not in the district of imprisonment. 28 U.S.C. § 2255(a); Paris v. United States, 210 F. App'x 933, 934 (11th Cir. 2006); Hewlett, 477 F. App'x at 231-32. Therefore, a § 2255

motion from Petitioner challenging the formulation of his sentence by the sentencing judge would not be proper in this District.

In contrast, a habeas corpus petition under § 2241 generally attacks the execution of a sentence, not the validity of the sentence itself. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008); Harris v. Holder, 483 F. App'x 906, 907 (5th Cir. 2012). A federal prisoner may resort to § 2241 to challenge the validity of his conviction or sentence, but only upon a showing that "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." § 2255(e). Here, Petitioner has not argued that this savings clause applies. Petitioner already attempted to bring these claims in a § 2255 motion filed in the Southern District of Texas, but his motion was denied. Petitioner does not give any indication that his attempts to use § 2255 were "inadequate or ineffective" or would be if he sought permission from the Fifth Circuit under § 2255(h) to bring a second or successive § 2255 motion. As such, the Court will not allow Petitioner to improperly bootstrap his sentencing guidelines claim into this § 2241 petition.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 2nd day of March, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA